IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 25-CR-879 JB |
| ) | |
| **HERIBERTO SALAZAR-AMAYA, et al.,** ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' PARTIALLY OPPOSED
MOTION FOR CONTINUANCE OF JUNE 23, 2025, TRIAL SETTTING
AND REQUEST FOR DEFINITE SETTING OF JULY 21, 2025**

The United States of America, through its undersigned counsel, hereby requests a continuance of the June 23, 2025, trial setting, and requests a definite trial setting of July 21, 2025. As grounds for this motion, the United States submits:

1. The current trial setting of June 23, 2025, is the first trial setting for the 14-person indictment. Doc. 193.

2. The United States sought a Complex Case designation based upon the number of defendants, the fact the United States intends to supersede the current indictment to add additional defendants, and the volume of discovery and drug exhibits. Doc. 153. The request was denied. *See* Doc.213.

3. At the hearing regarding the Complex Case motion and a motion for a Protective Order, defendant Alex Martinez and defendant Kaitlyn Young asserted their speedy trial rights. *Id*.

4. The final defendant arrested in the instant indictment is Francisco Garcia, who had his initial appearance on May 12, 2025. Doc. 150.

5. The United States seeks a continuance to July 21, 2025, as that date falls within the speedy trial calculation. The United States seeks this continuance to provide defense counsel with the full breadth of discovery materials, and for the parties to file any substantive motions and all trial documents in this case.

6. The United State further requests this date to allow for the transport of over 4,000,000 fentanyl pills, approximately 32 kilograms of fentanyl powder, approximately 28 kilograms of methamphetamine (actual), approximately 6 kilograms of heroin and approximately 5.8 kilograms of cocaine, that comprise the drug exhibits of the United States. The United States currently has 22 chemists that it intends to present as expert witnesses, unless one (or more) are unavailable. If that is the case, the United States will arrange to have exhibits retested to meet the July 21, 2025, trial date.

7. The United States also makes this request to enter into plea agreements with any/all defendants wanting to plead pre-trial. This short continuance allows for plea hearings to take place before the trial date, allowing for fewer defendants to be tried together.

8. The United States has consulted the docket for the District of New Mexico for July 21, 2025, and only found the following conflicts:

    - 23-CR-1832 JCH, *US v. Lutz*, attorney Jon Stanford entered as co-counsel on 6/5/25. This trial setting will be continued.
    - 25-CR-1763 JCH, *US v. Lucero*, attorney Diego Esquibel is set for trial. The instant case has a lower case number than *Lucero* and should take precedence.

9. Defendant Martinez will not be unduly prejudiced by this short continuance as he is currently being held for his sentencing in 21-CR-310 DHU, and that sentencing

has been reset to September 23, 2025. Defendant Martinez will benefit from being tried in the instant case before sentencing in the older case, thereby avoiding additional criminal history points.

10. Defendant Young will also not be unduly prejudiced by this short continuance as she currently has three outstanding warrants; Rio Arriba County, Bernalillo County (no-bond hold), and Maricopa County (extraditable). *See* Doc. 109 at 4-5. Defendant Young is not in a position to seek release conditions given her warrant status.

11. Counsel for the following Defendants concur with the request for a continuance:

   Michael Severo on behalf of defendant Salazar-Amaya,

   Phillip Sapien on behalf of defendant Navarrete,

   Marshall Ray on behalf of defendant Acuna-Moreno,

   Diego Esquibel on behalf of defendant Anesi,

   Gregory Acton on behalf of defendant Altamirano-Lopez,

   Joseph Shattuck on behalf of defendant Singer,

   Susan Burgess-Farrell on behalf of defendant Montoya,

   John Anderson on behalf of defendant Sanchez,

   Paul Linnenburger on behalf of defendant Sedillo,

   Tom Clark on behalf of defendant Tanner,

   Tim Cornish on behalf of defendant Marquez, and

   Jon Stanford on behalf of defendant Garcia,

   <u>In related cases</u>:

   Mallory Gagan on behalf of Roberta Herrera, and

   Naomi Salazar on behalf of defendant Lopez-Rubio.

12. Attorneys who oppose a July 21, 2025, trial date may file a joint notice or individual notices stating reasons for their objection(s).

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court vacate the June 23, 2025, trial setting and grant the request for a definite setting on July 21, 2025.

Respectfully submitted,

RYAN ELLISON
United States Attorney

*Electronically filed on June 16, 2025*
MATTHEW McGINLEY
RAQUEL RUIZ-VELEZ
BLAKE NICHOLS
ELAINE Y. RAMIREZ
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2025, I filed the foregoing document electronically through the CM/ECF system. Pursuant to the CM/ECF Administrative Procedures Manual, §§ 1(a), 7(b)(2), such filing is the equivalent of service on parties of record.

*Electronically filed on June 16, 2025*
MATTHEW McGINLEY
RAQUEL RUIZ-VELEZ
BLAKE NICHOLS
ELAINE Y. RAMIREZ
Assistant United States Attorney